**Zahid HUSSAIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70176.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Earle A. Sylva, Esq., Tsz–Hai Huang, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Zahid Hussain, San Jose, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM **

Zahid Hussain, native citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review credibility findings for substantial evidence. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because the contradiction between Hussain's testimony and asylum application concerning whether false charges had been filed against him by Pakistani federal agents went to the heart of his asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Hussain failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Hussain does not challenge the denial of his application for cancellation of removal, that issue is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (concluding that petitioner waived an issue by failing to address it in the opening brief).

We do not consider Hussain's contentions concerning eligibility for relief under the Convention Against Torture because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Hussain's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.